IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| BESSIE LEE-FREITAS PREGANA; BRIAN JOSEPH PREGANA, SR., <br><br> Plaintiffs, <br><br> vs. <br><br> CITIMORTGAGE, INC.; STEVEN T. IWAMURA; ROBERT M. EHRHORN, JR.; KEN OHARA; LORI K. STIBB, <br><br> Defendants. | CIVIL NO. 14-00226 DKW-KSC <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR RECUSAL OF MAGISTRATE JUDGE** |

**ORDER DENYING PLAINTIFFS'
MOTION FOR RECUSAL OF MAGISTRATE JUDGE**

On August 20, 2014, pro se Plaintiffs Bessie Lee Freitas Pregana and

Brian Joseph Pregana, Sr. filed a "Motion for Recusal of Magistrate Judge Kevin

S.C. Chang With Objections to His Conduct" ("Motion"). Pursuant to Local Rule

7.2(d), the Court finds this matter suitable for disposition without a hearing.

Because it fails to establish that the magistrate judge's impartiality might reasonably

be questioned, and is otherwise without merit, the Motion is DENIED.

1

## **DISCUSSION**

Although Plaintiffs do not specify the authority under which they seek the magistrate judge's recusal, the Court liberally construes the Motion as brought pursuant to both 28 U.S.C. §§ 144 and 455.[1]  As provided in 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455 similarly provides, in pertinent part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a

---

[1] Because Plaintiffs are proceeding pro se, the Court liberally construes their pleadings.  *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

party[.]

"Under both recusal statutes, the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citations, quotations, and alterations omitted). The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (citations omitted). "The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id*. at 913 (quotations omitted).

When a party files a motion for disqualification and supporting affidavit under 28 U.S.C. § 144, all factual allegations contained in the affidavit are accepted as true. Recusal, however, must be based on facts contained in the affidavit and not on movant's conjecture, speculation, or conclusory statements or opinions. *United States v. Vespe*, 868 F.2d 1328 (3d Cir. 1989); *see also Moon v. Spearman*, 2012 WL 5379159, at *1 (C.D. Cal. Oct. 31, 2012) ("When determining

the legal sufficiency of the affidavit, 'the factual allegations in the affidavit must be accepted as true,' although 'general or conclusory allegations will not support disqualification.'") (quoting *United States v. Zagari*, 419 F. Supp. 494, 500–01 (N.D. Cal. 1976)).

The facts alleged by Plaintiffs, stripped of opinion, conjecture, and innuendo, do not raise any question of prejudice, personal bias, impartiality, or impropriety by Judge Chang. In her Declaration, Plaintiff Bessie Lee Freitas Pregana states:

> 2. I received notice by the Court of a Rule 16 Scheduling Conference to be held before Magistrate Judge Kevin S. Chang, on August 18th, 2014.
>
> 3. Upon my research, I discovered that a Rule 16 Scheduling Conference is simply just that, a "Scheduling" of the events that are to take place in this action.
>
> 4. I DID NOT receive any notice from Magistrate Judge Chang that he will also hold an informal and unsolicited "arbitration/mediation" hearing.
>
> 5. I felt totally confused, intimidated and frustrated when magistrate Judge Chang came into the Courtroom, not wearing his Judicial Robe, nor sitting on the bench, but rather approached my table to discuss the purpose of why I filed this action and what I hoped to get out of this action.
>
> 6. I was totally unprepared for Magistrate Judge Chang's interrogating questions. I was flustered, crying and visibly shaken by the entire ordeal.

4

> 7. When Magistrate Judge Chang indicated/implied that aside from settling this action by meeting with the Defendants to discuss a refinancing of my mortgage that I will have no other relief from this Court, I felt betrayed and subjected to an abuse of power.
>
> 8. I now believe that Magistrate Judge Chang is unable to divest himself from his prejudice against Pro Se Litigants, and his obvious bias towards the Defendants.
>
> 9. I DO NOT believe that I will be treated fairly by Magistrate Judge Chang, due to his intimidating conduct against me in the unsolicited and informal "arbitration/mediation" hearing he held as part of the Rule 16 Scheduling Conference.

Pregana Decl. ¶¶ 2-9. The Motion also indicates that she "felt wholly intimidated and threatened with loss of this action simply because, as Magistrate Judge Chang explained: 'There has never been a favorable ruling from this District Court in the number of similar cases such as these.'" Motion at 2.

Although Plaintiffs contend that Judge Chang is personally biased and has "prejudged this action" (Motion at 3), the alleged bias "must usually stem from an extrajudicial source." *Pesnell,* 543 F.3d at 1043. There is no allegation of an extrajudicial source of bias or partiality here. To the contrary, the allegations stem solely from the magistrate judge's conduct during judicial proceedings. On their face, they reveal nothing improper about the magistrate's conduct, nor do they cast

light on any extrajudicial bias. The Supreme Court has explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source. . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994). Plaintiffs simply fail to meet these standards here. They point to no personal bias stemming from an extrajudicial source, evidence no "deep-seated favoritism or antagonism," and otherwise fail to show bias based on the magistrate judge's conduct at the Rule 16 Scheduling Conference. None of the conduct alleged persuades this Court that Judge Chang has taken any action that might reasonably call into question his impartiality.

## **CONCLUSION**

Because no reasonable person with knowledge of all the facts alleged here would conclude that the magistrate judge's impartiality might reasonably be

questioned, Plaintiffs' Motion, when considered under either 28 U.S.C. § 144 or 28 U.S.C. § 455, is unfounded and is therefore DENIED.

IT IS SO ORDERED.

DATED: August 22, 2014 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*Pregana v. CitiMortgage, et al.*; Civ No. 14-00226 DKW-KSC; ORDER DENYING PLAINTIFFS' MOTION FOR RECUSAL OF MAGISTRATE JUDGE

7