IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| BESSIE LEE FREITAS PREGANA, BRIAN JOSEPH PREGANA, SR.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITIMORTGAGE, INC., and STEVEN T. IWAMURA, ROBERT M. EHRHORN, JR., KEN OHARA, LORI K. STIBB, in their individual and official capacities<br>Defendants. | CIVIL NO. 14-00226 DKW-KSC<br><br>**ORDER GRANTING CITIMORTGAGE, INC.'S MOTION FOR SUMMARY JUDGMENT** |

**ORDER GRANTING CITIMORTGAGE, INC.'S
MOTION FOR SUMMARY JUDGMENT**

This case arises out of a dispute over whether CitiMortgage Inc. ("CMI") properly proceeded in a mortgage foreclosure action against Bessie Lee Freitas Pregana and Brian Joseph Pregana Sr. (collectively "the Preganas") in state court. CMI commenced the state court foreclosure action through its attorneys at the law firm of Clay Chapman Iwamura Pulice & Nervell (hereinafter "CCIPN") after the Preganas defaulted on their mortgage payments. Shortly thereafter, the Preganas filed the instant lawsuit against CMI and CCIPN, seeking damages and injunctive

1

relief based on alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Truth in Lending Act ("TILA"). *See* Dkt. No. 1 (Complaint).

Before this Court is CMI's motion for summary judgment, joined in by CCIPN. Dkt. Nos. 42 and 48. Because the Preganas fail to state claims upon which relief can be granted, and there are no genuine issues of material fact, defendants' motion for summary judgment on all claims is GRANTED.

## BACKGROUND

This dispute arose out of a loan transaction initiated in 2008 between CMI and Mr. Pregana. There is no dispute that Mr. Pregana signed a promissory note, endorsed in blank, in the principal amount of $609,600.00 in favor of CMI (the "Note"). Complaint ¶ 8; Motion for Summary Judgment ("MSJ") Exhibit ("Exh.") A. The loan was secured by a mortgage (the "Mortgage") on the home owned by the Preganas in Waianae (the "Property"). Complaint ¶¶ 8-9. The Preganas signed the Truth in Lending Disclosure Statement on September 10, 2008. MSJ Declaration ¶ 11; MSJ Exh. E. CMI funded the loan covered by the Note and the Mortgage on September 15, 2008. MSJ Declaration ¶ 12. On September 25, 2012, the Federal National Mortgage Association ("Fannie Mae") purchased the loan. MSJ Declaration ¶ 14. CMI services the loan on behalf of Fannie Mae and is also the current holder of the Note and Mortgage. MSJ Declaration ¶¶ 13, 15.

The Preganas defaulted on the Note and Mortgage, failing to make payments beginning on April 1, 2012. MSJ Declaration ¶¶ 8-10; MSJ Exh. D. On March 13, 2013, CMI, represented by CCIPN, filed a complaint in state court seeking foreclosure of the Mortgage in Civil No. 13-1-0755-03 ("Foreclosure Action"). MSJ Declaration ¶ 19; Complaint ¶ 11; MSJ Exh. H. CMI filed a motion for summary judgment in the Foreclosure Action, which the Circuit Court of the First Circuit, State of Hawai'i ("Circuit Court") granted. MSJ Declaration of Counsel ¶¶ 6-7. The Circuit Court determined in the Foreclosure Action that CMI is the holder of the Note under Haw. Rev. Stat. § 490:1-201 and has the power to enforce it under Haw. Rev. Stat. § 490:3-301. MSJ Exh. J (Finding No. 1). The Circuit Court filed its "Findings of Facts, Conclusions of Law and Order Granting [CMI's] Motion for Summary Judgment and Decree of Foreclosure Against [Preganas]" on February 4, 2015, and a Judgment was filed in the Foreclosure Action. Declaration of Counsel ¶ 7; MSJ Exhs. J & K.

On May 14, 2014, in the midst of the Foreclosure Action, the Preganas filed the instant Complaint. The Complaint generally alleges violations of TILA and the FDCPA. 15 U.S.C. §§ 1601 *et seq.*; 15 U.S.C. §§ 1692e, f, and g. CMI, joined in by CCIPN, now moves for summary judgment on all claims.

## STANDARD OF REVIEW

The Court liberally construes the Preganas' filings because they are proceeding pro se. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). "Pro se litigants must [nonetheless] follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case. A 'genuine issue' of material fact arises if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

When evaluating a motion for summary judgment, the court must construe all evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,

4

809 F.2d 626, 630–31 (9th Cir. 1987). Thus, the moving party has the burden of persuading the court as to the absence of a genuine issue of material fact. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must set forth "'significant probative evidence'" in support of its position. *T.W. Elec. Serv.*, 809 F.2d at 630 (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion," and can do so by either "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

The Preganas did not file a timely opposition to CMI's motion for summary judgment. Their untimely opposition, filed on April 17, 2015 (Dkt. No. 47), did not comply with Local Rule 56.1 and did not include a concise statement of facts.

> When a motion for summary judgment is unopposed, the motion should be granted only when the movant's papers are themselves sufficient to support the motion and they do not reveal a genuine issue of material fact. *In re Rogstad*, 126 F.3d 1224, 1227 (9th Cir. 1997) (noting that it is in error to grant a motion for summary judgment simply because the opponent failed to oppose the motion); *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir.1994) (noting that an unopposed motion may be granted only after the court determines that there are no material issues of fact).

> Additionally, in a motion for summary judgment, "material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party." L.R. 56.1(g) (effective Dec. 1, 2009). Thus, while this court is not permitted to grant an unopposed motion for summary judgment as a matter of right, *Siegel*, 26 F.3d at 1494-95, it must deem all facts proffered in [the defendant's] concise statement as admitted by [the plaintiff]. Therefore, the court must determine whether the facts, as asserted in [the defendant's] concise statement, warrant a grant of summary judgment.

*Aga v. Winter*, Civ. No. 08-00509 SOM/LEK, 2009 WL 4406086, at *2-3 (D. Haw. Dec. 1, 2009) (some alterations in original). In the present matter, the facts set forth in CMI's separate and concise statement of facts in support of its motion is unopposed (Dkt. No. 43), and the facts contained therein are therefore deemed admitted. L.R. 56.1(g).

## **DISCUSSION**

### I. **CMI's Motion For Summary Judgment Is Not Premature**

The Court first addresses the Preganas' contention that CMI's motion for summary judgment is premature. The Preganas allege that they have made requests for the production of documents and a request for interrogatories, but CMI and CCIPN failed to turn over the requested documents and interrogatories. CMI and CCIPN deny this allegation by pointing out that they properly responded to the Preganas' requests (Dkt. Nos. 38, 39, 40, and 41). The Court concludes that CMI's motion is not premature and that further discovery is not warranted.

The Preganas do not cite any authority for their position that CMI's motion is premature. However, the Court liberally construes the Preganas' objection as requesting relief under Federal Rule of Civil Procedure 56(d), which permits the Court to grant relief when facts are unavailable to the nonmovant. Specifically, Rule 56(d) provides:

> When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Under Rule 56(d), "[t]he requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exists; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr. v. Fed Home Loan Mortg. Corp.*, 535 F.3d 822, 827 (9th Cir. 2008). Here, the Preganas merely rely on assertions that "'[d]iscovery' between the parties is still in its infancy" and defendants have not turned over requested documents or interrogatories. Dkt. No. 47 at 3. However, these blanket assertions fall far short of meeting the Rule's requirements. The Preganas submitted no declaration or affidavit, do not identify particular facts that

7

their requested discovery would reveal, and do not indicate how any discovery they intend to take would defeat CMI's summary judgment arguments. In any event, as discussed more fully below, the Preganas' claims are fatally-flawed as a matter of law, and no amount of discovery could revive them.

## II. **CMI Is Entitled to Summary Judgment**

The Preganas' Complaint does not enumerate specific counts against CMI and CCIPN. In its motion for summary judgment, CMI categorizes the Preganas' claims into two categories: (1) allegations that CMI improperly proceeded in the Foreclosure Action; and (2) allegations that CMI failed to disclose required credit cost information. In the interest of addressing the claims efficiently, the Court adopts CMI's grouping.

### A. **Claims Relating to CMI Improperly Proceeding in the Foreclosure Action**

#### 1. **Lack of Standing**

The Preganas allege that CMI, by and through CCIPN, had no standing to pursue the Foreclosure Action. Specifically, the Preganas allege the following:

> 10. On or about November 14, 2012, the Defendant attempted to have Plaintiff's to engage in a Fannie Mae Loan Modification, by stating that Fannie Mae is "the owner of your loan", thus, transferring Title of Plaintiff's Real Property (Identified as TMK No. (1)8-7-018-029, from CITIMORTGAGE, INC. (Defendant), to FANNIE MAE.
>
> 11. On or about March 13, 2013, Defendant, by and thru its Attorneys of Record (Defendants Counsel), filed a Complaint in

> the Circuit Court of the First Circuit, State of Hawaii, seeking to Foreclose on Plaintiff's REAL Property, for failure to make regular payments on the LOAN.
>
> 12. Defendant, by and thru its Defendant Counsels, have and continue perpetrate a fraud upon the State of Hawaii First Circuit Court, by claiming to be the "owner of your [Plaintiff's] loan", while by their own records and information to Plaintiff's, it is FANNIE MAE whom is the "owner of [Plaintiff's] loan."
>
> 13. Defendant, by and thru its Defendant Counsels, have conducted the Foreclosure without that Defendant had standing to commence, continue or complete the Foreclosure action.

Complaint ¶¶ 10-13.

CMI contends that this claim fails as a matter of law, and the Court agrees. The undisputed facts demonstrate that CMI is the holder of the Note, the Assignee of the Mortgage, and the Servicer of the Loan. Under Hawai'i law, the holder of a note endorsed in blank is entitled to enforce it regardless of whether it is the owner of the loan. *See* Haw. Rev. Stat. § 490:3-301; *Paik-Apau v. Deutsche Bank Nat'l Trust Co.*, Civil No. 10-00699 SOM/RLP, 2012 WL 5207495, at *5 (D. Haw. Oct. 19, 2012) (concluding that the "holder" of a note endorsed in blank is entitled to enforce it). As such, Fannie Mae's status as loan purchaser does not affect CMI's right to foreclose. Because there is no genuine issue of fact as to whether CMI is the holder of the Note, CMI is entitled to summary judgment on that part of the Preganas' Complaint alleging CMI lacks standing to foreclose on their loan.

### 2. **Fraud**

The Preganas allege that CMI and CCIPN have perpetrated a fraud by claiming that CMI is the "owner" of the Preganas' loan when Fannie Mae owns the loan. Complaint ¶¶ 12, 14, 15. A party claiming fraud must establish the following elements:

> (1) false representations were made by defendants, (2) with knowledge of their falsity (or without knowledge of their truth or falsity), (3) in contemplation of plaintiff's reliance upon these false representations, and (4) plaintiff did rely upon them.

*Shoppe v. Gucci Am., Inc.*, 94 Hawaiʻi 368, 386, 14 P.3d 1049, 1067 (2000). Additionally, Federal Rule of Civil Procedure 9(b) imposes a "heightened pleading standard" requiring a party to state with particularity the circumstances constituting fraud. In other words, "[a]verments of fraud must be accompanied by 'the who, what, when where and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)); *see also Fed. Home Loan Mortg. Corp. v. Kama*, Civil No. 14-00137 ACK-KSC, 2014 WL 4980967, at *4 (D. Haw. Oct. 3, 2014).

Here, the Preganas fail to allege any facts indicating that either CMI or CCIPN engaged in any fraudulent conduct. CMI stated in the Complaint filed in the Circuit Court action that it is the "holder" of the Note (not the "owner" of the loan) and is entitled to enforce it pursuant to Haw. Rev. Stat. § 490:1-201. Declaration of Counsel ¶ 5, Exh. H ¶ 4, CSF 24. The Preganas do not identify the

instance in which CMI has stated it is the "owner" of the loan. As such, there is no evidence suggesting that CMI or CCIPN made false representations to the Preganas. Therefore, the Court grants summary judgment for defendants on the fraud claims.

### 3. Fair Debt Collection Practices Act

The Preganas allege that CMI and CCIPN violated the FDCPA, 15 U.S.C. §§1692 *et seq.*, by, among other things, making false representations in collecting their mortgage loan payments. Complaint ¶¶ 16-17. The FDCPA prohibits various collection practices by "debt collectors" in order to "eliminate abusive debt collection practices." 15 U.S.C. § 1692(e) (describing the purpose of the FDCPA). To be liable, a defendant must, as a threshold requirement, be a "debt collector" within the meaning of the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995). The FDCPA defines "debt collector" as follows:

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of

> which is the enforcement of security interests. The term does not include—
>
>> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
>>
>> (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;
>> . . . .
>> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6).

CMI correctly argues that it is not a "debt collector" within the meaning of the FDCPA. Here, CMI funded the loan on September 15, 2008, and has accepted and managed all payments and servicing on this loan since then. Declaration ¶ 12, CSF 5. The loan was paid through April 1, 2012, and has been in default since that date. MSJ Declaration ¶¶ 8-10. The Court notes that -

> original lenders, creditors, mortgage servicing companies, and mortgage brokers generally do not qualify as "debt collectors." *See, e.g., Lyons v. Bank of Am., NA*, 2011 WL 3607608, at *12 (N.D. Cal. Aug. 15, 2011) ("The FDCPA applies to those who collect debts on behalf of another; it does not encompass

12

> creditors who are collecting their own past due accounts."); *Radford v. Wells Fargo Bank*, 2011 WL 1833020, at *15 (D. Haw. May 13, 2011) (collecting cases stating that original lenders and mortgage servicing companies are not "debt collectors"); *Sakugawa v. IndyMac Bank, F.S.B.*, 2010 WL 4909574, at *5 (D. Haw. Nov. 24, 2010) (dismissing FDCPA claim because the mortgage broker was not a "debt collector").

*Long v. Deutsche Bank Nat. Trust Co.*, Civil No. 10–00359 JMS/KSC, 2011 WL 5079586, at *14 (D. Haw. Oct. 24, 2011).

CMI was servicing the loan before it went into default. Thus, CMI does not fall within the definition of a "debt collector" under the FDCPA. As for CCIPN, the Court concludes that there are no factual allegations in the Complaint that would provide a basis for CCIPN being construed as a "debt collector" under the FDCPA. Therefore, defendants are entitled to summary judgment on the FDCPA claim.

### B. <u>Claims Relating to CMI Failing to Disclose Required Credit Cost Information</u>

The Preganas bring claims under TILA and Regulation Z. These claims fail as a matter of law because they are time-barred.

Any TILA claim for damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "For violations of TILA's disclosure requirements, this one-year period generally begins to run from the date of consummation of the loan." *Sakugawa v. IndyMack, F.S.B.*, Civil No. 10-00504 JMS/LEK, 2010 WL 4909574, at * 3 (D. Haw. Nov. 24, 2010). That is

the date of the Note and the Mortgage.  *Young v. Bank of N.Y. Mellon*, 848 F. Supp. 2d 1182, 1192 (D. Haw. 2012).  The same is true for alleged violations of Regulation Z, 12 C.F.R. § 226.  *See Garcia v. Am. Home Mort. Servicing Inc.*, No. 11-CV-03678-LHK, 2011 WL 6141047, at *5 (N.D. Cal. Dec. 9, 2011) ("Alleged violations of Regulation Z, 12 C.F.R. § 226, are subject to the same one-year limitation period as TILA claims for damages under 15 U.S.C. § 1640(e).").

Equitable tolling may nonetheless apply in certain circumstances:

> [T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action.  Therefore, as a general rule the limitations period starts at the consummation of the transaction. The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly.

*King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986)

Here, Mr. Pregana signed the Note on September 10, 2008, and the Preganas signed the Mortgage on the same day.  The Truth in Lending Disclosure Statement signed by the Preganas is also dated September 10, 2008.  MSJ Exh. E.  The Preganas did not commence the instant action until May 14, 2014, nearly six years after the Note and Mortgage were signed.  The Complaint provides no basis for equitable tolling.  *See Sakugawa*, 2010 WL 4909574, at * 3 ("[T]he Complaint

pleads no facts indicating that Defendants prevented Plaintiff from discovering the alleged TILA violation or caused Plaintiff to allow the filing deadline to pass."). The Preganas' objections to CMI's motion for summary judgment also fail to provide any basis for equitable tolling. Because the Preganas failed to bring their TILA and Regulation Z claims within one year of consummating the loan, and the factual allegations in the Complaint do not establish a basis for equitable tolling, these claims are time-barred.

### III. The Preganas' Request For Sanctions Lacks Merit

In their objections to CMI's motion for summary judgment, the Preganas request sanctions against CMI's counsel in the present case for allegedly "making an unauthorized appearance on behalf of the individually named Defendant Attorneys representing Defendant Law Firm . . . ." Dkt. No.47. The Preganas' request lacks any legal or factual basis.

Local Rules 83.5 and 83.6, relied on by the Preganas, are inapposite. Local Rule 83.5 prohibits the unauthorized practice of law, *i.e.*, practicing law without the requisite license or permission of the court. Local Rule 83.6 prohibits a party represented by counsel from appearing or acting on his or her own behalf in the action. In addition, the record shows that counsel for CMI has appeared as counsel for CMI only and not as an attorney for any other defendant. Dkt. Nos. 24, 43. Although CMI's counsel also moved for summary judgment on the claims filed

against CCIPN (Dkt. No. 42), that action does not warrant sanctions.  Federal Rule of Civil Procedure 56(a) permits summary judgment to be sought for identified claims and does not restrict the extent of the motion to claims against the movant.  As such, the Court denies the Preganas' request for sanctions.

## **CONCLUSION**

The Court hereby grants CMI's motion for summary judgment (Dkt. No. 42) and denies the Preganas' request for sanctions.  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED:  April 29, 2015 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

Pregana, et al. v. CitiMortgage, Inc., et al.; CV 14-00226 DKW-KSC; ORDER GRANTING CITIMORTGAGE, INC.'S MOTION FOR SUMMARY JUDGMENT